Henderson, Judge,
dissentiente. — This case is submitted without argument, and I fear I have not been able to find all the cases on the subject, or duly to understand and appreciate those I have found. The result of my investigation is, that neither at the Common Law nor since the statute of frauds, did either the teste or the delivery of the writ of execution bind or fix upon the property, otherwise than to affect it in the hands of a voluntary purchaser : that as between the debtor and the creditor, the property was not divested by either; and that at the Common Law, the first delivered writ of ex- *319 eeuíion imposed upon the Sherifl’ an obligation of execui-ing it, before writs subsequently delivered, upon this simple ground, that he who is prior in point of time, has a prior claim to his exertions over those who are posterior, upon the maxim, tigilantibus non dormienfibus ser-•vat lex. I am not able otherwise to account for the numerous decisions, confirming the titles of those claiming property under executions subsequently delivered, and the frequent expressions to bo found in the books, that the property remains in the debtor after the delivery of the writ of execution, and that an act of bankruptcy supersedes an execution after it is actually begun. If the delivery of the writ binds or attaches upon the property, the property may be pursued in the hands of a purchaser who claims under an execution subsequently delivered, in the same manner that, he may pursue it in the hands of a purchaser from the Defendant himself. That he cannot do the first, and that he can do the second, is not controverted in any case. Nor does this arise in the first case, that purchasers may be induced to come forward and bid in execution sales, otherwise none would hid, as was said by Holt, in the case of Small-combe and Buckingham ; lor the same result follows in a case where the Sheriff delivers the goods to the Plaintiff himself in execution — (Rybert v. Peckham, note to 1 Term Rev. 729.) Nor is it any answer to say that the Sheriff is responsible ; for if the goods are bound, the Plaintiff may pursue either. So in the case of an act of bankruptcy committed after the delivery of the writ of execution, and even after its levy, and (l might add) actual sale of the property, the execution is superseded, and the property will pass by an assignment to the assignees of the bankrupt. Now, as none but that which was the property of the Defendant at the time of the act of the bankruptcy committed, can be assigned, it follows that the delivery of the writ of execution does not bind or attach upon the property, for if it did, the property would ,pass subject to such lien $ the contra -i of which is ad- *320 mittcd to be the case. It appears to have been the object of the statute of frauds, as appears in its preamble and enactment, to transfer from the teste to the delivery of a W1.¡£ 0f eXecution, its binding force; not to create anew any obligation, but barely to change the time of its operation. It follows, therefore, that the words, bind from the delivery, have an operation only in those cases where the writ bound before, viz. between creditors under execution and those claiming by voluntary purchase from the Defendant. In support of this opinion, I might refer to the cases before the statute of frauds, which are quite silent as to the binding efficacy of a writ of execution from its teste, as to competing creditors, whereas it has frequently been decided, that as between the creditor and a purchaser from the Defendant, the property is bound from tiie teste of the writ. I might also avail myself of what was said by the Judges in the decision of the case of Bmallcombe and Buckingham, (1 Ld. Bayun. 851,) how the Common Law stood, for although I confess their expressions are somewhat ambiguous, yet certainly the preponderance is, that a preferable right to have an execution satisfied, arose at the Common Law in favor of the execution first delivered, although I should throw into the opposite scale the dictum of Chief Baron MacDonald, in the case of Ilex v. Wills and Mlnutt, reported in a note of 16 East •, for his opinion should weigh but little when opposed to the opinion of those who were at the bar when the statute of frauds was passed; more especially when it is recollected, that he was then labour-ing to establish a theory by which he overruled two cases (if not more) going to put the rights of the .subject on more equal grounds, when contending with the Sovereign. In addition to these, it is also to be observed, that all the sayings of the Courts, as to what the Law was before the statute of frauds, were obiter dicta: entirely unimportant in the decision of the cause $ for it was admitted on all hands, that the priority of the right of having an execution satisfied, arose from its delivery, *321 it was therefore unimportant to ascertain when thatpri-ority was given by statute, or arose at the Common Law. I have forborne to examine other authorities, because the case of Smallcom.be and Buckingham has never been controverted. Indeed, it is the leading case upon the subject, nor have 1 stated a single decision which will be controverted. If, therefore, there is an error in my conclusion, it arises from false deductions. To sum up the whole, I think that the writ of execution first delivered imposes upon the Sheriff an obligation to satisfy it, if he has the means of so doing, and that the Sheriff is responsible to him if ho omits to do so, by taking the goods wherewith his execution ought to have been satis - fied, and applying them to the discharge of an execution of posterior delivery: that the sale made under the posterior execution is good, they being still the goods of the Defendant, notwithstanding the delivery of the prior writ $ for, as has been said before, neither execution hinds or divests the property, either from its teste or delivery, and for that reason, as well as from the words of the preamble, I think the statute of frauds has no operation in this case : and that this cause is to be decided upon the same principles as if it was this day brought before the Courts of England, viz. that a prior right arose to the Plaintiffs in the County Court executions, which were delivered before that of the Plaintiff in this case, although it bears an anterior teste.